## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

CHRISTOPHER WEIGMANN,
on behalf of himself and
all others similarly situated,

               Plaintiff,

    v.

BEAR DOWN LOGISTICS, INC.

              Defendant

Case No. 19-cv-1545

**COLLECTIVE AND CLASS ACTION PURSUANT TO 29 U.S.C. §216(b) AND AND FED. R. CIV. P. 23**

**JURY TRIAL DEMANDED**

## COMPLAINT

## PRELIMINARY STATEMENT

1.     This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Christopher Weigmann, against Defendant, Bear Down Logistics, Inc.

2.     Plaintiff bring these FLSA and WWPCL claims and causes of action against Defendant on behalf of himself and all other similarly-situated current and former non-exempt Delivery Driver employees of Defendant for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

3. Defendant operated (and continues to operate) an unlawful compensation system that deprived current and former hourly-paid, non-exempt Delivery Driver employees of their wages earned for all compensable work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek. Specifically, Defendant's unlawful compensation system: (1) failed to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in all current and former non-exempt Delivery Driver employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL; and (2) failed to compensate said employees for rest periods of less than twenty (20) minutes in duration and/or for lunch breaks during which said employees were not completely relieved of duty or free from work for the purpose of eating a regular meal, in violation of the FLSA; and (3) failed to compensate said employees for meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes, in violation of the WWPCL.

4. Defendant's deliberate failure to compensate its non-exempt Delivery Driver employees for hours worked and work performed at the proper and legal rate(s) of pay violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant does business, and has substantial and systematic contacts, in this District.

## PARTIES AND COVERAGE

8.     Plaintiff, Christopher Weigmann, is an adult male resident of the State of Wisconsin with a post office address of 3330 South 69th Street, Milwaukee, Wisconsin 53219.

9.     Defendant, Bear Down Logistics, Inc., was, at all material times herein, a Illinois entity with a principal address of 11225 Front Street, Unit 16, Mokena, Illinois 60448

10.     Defendant is an Amazon delivery and logistics provider.

11.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant owned, operated, and managed a variety of locations across the Midwest region of the United States, including in the State of Wisconsin, where all non-exempt Delivery Driver employees, including Plaintiff, performed work on behalf of Defendant, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge.

12.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant owned, operated, and managed locations in the State of Illinois (401 Terrace Drive, Mundelein, Illinois 60060; and 2901 Boardwalk Drive, Champaign, Illinois 61822); in the State of Indiana (6057 Churchman Bypass, Indianapolis, Indiana 46203); in the State of Michigan (2935 Walkent Drive NW, Grand Rapids, Michigan 49544); in the State of Minnesota (2811 Beverly Road, Eagan, Minnesota 55121); in the State of Ohio (4250 Port Union Road, Fairfield, Ohio 45011); in the State of Virginia (4101 Carolina Avenue, Richmond,

Virginia 23222); and in the State of Wisconsin (N53 W24700 South Corporate Circle, Sussex, Wisconsin 53089).

13.     For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

14.     For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

15.     During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

16.     During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

17.     During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

18.     During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

19.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

20.     Plaintiff brings this action on behalf of himself and all other similarly-situated current and former non-exempt Delivery Driver employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff and all other non-exempt Delivery Drivers were subjected to Defendant's same unlawful policies as

enumerated herein and performed similar job duties at all locations owned, operated, and managed by Defendant.

21. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former non-exempt Delivery Driver employees on whose behalf Plaintiff brings this Complaint performed compensable work on Defendant's behalf, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge.

22. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other non-exempt Delivery Driver employees' day-to-day activities.

23. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other non-exempt Delivery Driver employees.

24. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other non-exempt Delivery Driver employees.

25. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's and all other non-exempt Delivery Driver employees' work schedules and provided Plaintiff and all other non-exempt Delivery Driver employees with work assignments and hours of work.

26. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other non-exempt Delivery Driver employees abided in the workplace.

27.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other non-exempt Delivery Driver employees' employment-related questions, benefits-related questions, and workplace issues.

28.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other non-exempt Delivery Driver employees for hours worked and/or work performed, including with additional forms of compensation, such as monetary bonuses, commissions, incentives, and/or other rewards and payments.

## GENERAL ALLEGATIONS

29.     In approximately February 2019, Defendant hired Plaintiff as a non-exempt Delivery Driver employee.

30.     During Plaintiff's employment with Defendant as a non-exempt Delivery Driver employee, Plaintiff's job duties consisted of physically delivering packages and other items locally to Amazon's customers.

31.     During Plaintiff's employment with Defendant as a non-exempt Delivery Driver employee, Plaintiff performed compensable work on behalf of Defendant, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge at Defendant's location in the State of Wisconsin, located at N53 W24700 South Corporate Circle, Sussex, Wisconsin 53089.

32.     During Plaintiff's employment with Defendant as a non-exempt Delivery Driver employee, Plaintiff reported directly to Matt (Last Name Unknown), Dispatcher/Supervisor, who

reported directly to Ryan Foster, Manager, who reported directly to Michael DiPiazza, Vice President of Operations, who reported directly to John Pesa, Owner.

33.     On or about September 26, 2019, Plaintiff's employment with Defendant ended.

34.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other non-exempt Delivery Driver employees.

35.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized, electronic system for tracking and/or recording hours worked by Plaintiff and all other non-exempt Delivery Driver employees.

36.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other non-exempt Delivery Driver employees for all remuneration earned.

37.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Delivery Driver employees frequently and consistently worked in excess of forty (40) hours per workweek.

38.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other non-exempt Delivery Driver employees frequently and consistently worked in excess of forty (40) hours per workweek.

39.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiff's and all other non-exempt Delivery Driver employees' hours worked each workweek.

40.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other non-exempt Delivery Driver employees with an hourly rate of pay for all hours worked.

41.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other non-exempt Delivery Driver employees on a weekly basis via paycheck.

42.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

43.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained an Employee Handbook, titled, "Bear Down Logistics Inc. Employee Handbook."

44.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided its Employee Handbook to Plaintiff and all other non-exempt Delivery Driver employees.

45.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the employment policies as contained in Defendant's Employee Handbook governed the terms and conditions of Plaintiff's and all other non-exempt Delivery Driver employees' employment with Defendant.

46.     Defendant's Employee Handbook stated, in part: "Only actual hours worked count toward computing weekly overtime."

47. Defendant's Employee Handbook stated, in part: "A 30-minute, unpaid meal break should be taken each day. Approving the scheduling of this time is the responsibility of your manager."

48. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other non-exempt Delivery Driver employees' primary job duty was not sales.

49. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Delivery Driver employees were non-union employees of Defendant.

50. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former non-exempt Delivery Driver employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of: (1) failing to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in said employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL; and (2) failing to compensate said employees for rest periods of less than twenty (20) minutes in duration and/or for lunch breaks during which said employees were not completely relieved of duty or free from work for the purpose of eating a regular meal, in violation of the FLSA; and (3) failing to compensate said employees for meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes, in violation of the WWPCL.

51.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Delivery Driver employees employed by Defendant were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

52.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other non-exempt Delivery Driver employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

53.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's unlawful pay practices as described herein resulted in Plaintiff and all other non-exempt Delivery Driver employees being deprived of overtime pay for all hours worked in excess of forty (40) in a workweek.

54.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant was or should have been aware that their policies in practice did not properly and lawfully compensate Plaintiff and all other non-exempt Delivery Driver employees at the correct and lawful overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

55.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> **Non-Discretionary Compensation:** All current and former non-exempt Delivery Driver employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

> **Rest Periods and Lunch Breaks:** All current and former non-exempt Delivery Driver employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to compensate said employees for rest periods of less than twenty (20) minutes in duration and/or for lunch breaks during which said employees were not completely relieved of duty or free from work for the purpose of eating a regular meal.

56.     The FLSA Collectives primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

57.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated the FLSA Collective (Non-Discretionary Compensation) with, in addition to an hourly or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses and

incentives, commissions, shift differentials, awards, and/or other rewards and payments – on a weekly, quarterly, and/or annual basis.

58.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary compensation that Defendant provided to the FLSA Collective (Non-Discretionary Compensation) was non-discretionary in nature: they were made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff and all other current and former hourly-paid, non-exempt employees to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

59.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay practices failed to include all of the aforementioned forms of non-discretionary compensation in the FLSA Collective's (Non-Discretionary Compensation) regular rates of pay for overtime calculation and compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period, thus denying overtime compensation to the FLSA Collective (Non-Discretionary Compensation) at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

60.     Defendant's deliberate failure to properly compensate the FLSA Collective (Non-Discretionary Compensation) in such a fashion as described in the aforementioned paragraphs violated federal law as set forth in the FLSA.

61.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to automatically deduct thirty (30) minutes from the FLSA Collective's (Rest Periods and Lunch Breaks) hours worked each work day even if the

FLSA Collective (Rest Periods and Lunch Breaks) did not take a rest period of at least twenty (20) minutes in duration and/or were not completely relieved of duty or free from work for the purpose of eating a regular meal.

62.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to automatically deduct thirty (30) minutes from the FLSA Collective's (Rest Periods and Lunch Breaks) hours worked each work day even if Defendant knew or had knowledge that the FLSA Collective (Rest Periods and Lunch Breaks) did not take a rest period of at least twenty (20) minutes in duration and/or were not completely relieved of duty or free from work for the purpose of eating a regular meal.

63.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), non-exempt Delivery Driver employees who comprised the FLSA Collective (Rest Periods and Lunch Breaks) complained to Defendant about Defendant's policy in practice of deducting thirty (30) minutes from their hours worked each work day despite not taking a rest period of at least twenty (20) minutes in duration and/or not being completely relieved of duty or free from work for the purpose of eating a regular meal on said work days.

64.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant, on multiple occasions, communicated to Plaintiff and other non-exempt Delivery Driver employees who comprised the FLSA Collective (Rest Periods and Lunch Breaks): "We're taking out your lunch break each day whether you take one or not," or words to that effect.

65. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's business practices required Plaintiff and the FLSA Collective (Rest Periods and Lunch Breaks) to deliver as many packages and other items to Amazon's customers during Plaintiff's and the FLSA Collective's (Rest Periods and Lunch Breaks) customary shift schedules, which deterred Plaintiff and the FLSA Collective (Rest Periods and Lunch Breaks) from taking a rest period of at least twenty (20) minutes in duration and/or eating a regular meal work free during the work day.

66. Defendant's deliberate failure to properly compensate the FLSA Collective (Rest Periods and Lunch Breaks) in such a fashion as described in the aforementioned paragraphs violated federal law as set forth in the FLSA by denying the FLSA Collective (Rest Periods and Lunch Breaks) overtime pay for hours worked each work day and each workweek.

67. Defendant was or should have been aware that its unlawful practices as described herein deprived the FLSA Collectives of the lawful and appropriate wages and compensation due and owing to them, in violation of the FLSA.

68. Plaintiff's First and Second FLSA Causes of Action are brought under and maintained as an opt-in Collective Actions Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collectives, and these Causes of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

69. Plaintiff and the FLSA Collectives are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation and making deductions from previously-earned wages without

authorization and consent in writing prior to the deductions. Plaintiff's claims and causes of action as stated herein are the same as those of the FLSA Collectives.

70.     Plaintiff and the FLSA Collectives seek relief on a collective basis challenging, among any other FLSA violations, Defendant's practice of failing to include all forms of non-discretionary compensation in the FLSA Collective's (Overtime Pay) regular rates of pay for overtime compensation and calculation purposes, and for deducting thirty (30) minutes from the FLSA Collective's (Rest Periods and Lunch Breaks) hours worked each work day despite the FLSA Collective (Rest Periods and Lunch Breaks) not taking a rest period of less than twenty (20) minutes in duration and/or not being completely relieved of duty or free from work for the purpose of eating a regular meal.

71.     The FLSA Collectives are readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collectives via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

72.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collectives.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

73.     Plaintiff brings this action on behalf of himself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> **Non-Discretionary Compensation:** All current and former non-exempt Delivery Driver employees employed by Defendant within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

> **Meal Periods:** All current and former non-exempt Delivery Driver employees employed by Defendant within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to compensate said employees for meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes.

74.     The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes is also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

75.     The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of the Wisconsin Classes.

76.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. The members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

77.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Classes. Plaintiff is represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

78.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual member of the

Wisconsin Classes is small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

79. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

80. Defendant has violated the WWPCL regarding payment of wages, overtime wages, and unlawful deductions. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

81.     There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendant's actions include, without limitation, the following: (a) Whether Defendant provided the Wisconsin Class (Non-Discretionary Compensation) with forms of non-discretionary compensation; (b) Whether Defendant maintained an unlawful compensation system that failed to include these forms of non-discretionary compensation in current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes; (c) Whether Defendant failed to compensate said the Wisconsin Class (Meal Periods) for meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes; and (d) The nature and extent of class-wide injury and the measure of damages for the injury.

82.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938, as Amended
### (Plaintiff on behalf of himself and the FLSA Collective –
### Non-Discretionary Compensation)

83.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

84.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

85.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

86. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

87. Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

88. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay (at the proper and correct overtime rate of pay) for each hour worked in excess of forty (40) hours each workweek.

89. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

90. Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

91. Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to

pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

92.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

93.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

94.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938, as Amended**
**(Plaintiff on behalf of himself and the FLSA Collective –**
**Rest Periods and Lunch Breaks)**

95.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

96.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

97.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

98.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

99.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

100.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour worked in excess of forty (40) hours each workweek.

101.     Defendant violated the FLSA by automatically deducting thirty (30) minutes from the FLSA Collective's hours worked each work day despite knowing or having knowledge that the FLSA Collective did not take a rest period of at least twenty (20) minutes in duration and/or were not completely relieved of duty or free from work for the purpose of eating a regular meal on said work days.

102.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

103.     Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

104.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that

Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

105. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

106. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

107. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**THIRD CLAIM FOR RELIEF**
**Violations of Wisconsin's Wage Payment and Collection Laws, as Amended**
**(Plaintiff, on behalf of himself and the Wisconsin Class –**
**Non-Discretionary Compensation)**

108. Plaintiff, on behalf of himself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

109. At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendant employed, and/or continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

110.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

111.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

112.    Defendant failed to compensate Plaintiff and the Wisconsin Class with overtime premium compensation for all hours worked in excess of forty (40) hours a workweek by failing to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes, in violation of Wisconsin Wage Payment Laws.

113.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

114.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

115.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

## FOURTH CLAIM FOR RELIEF
## Violations of Wisconsin's Wage Payment and Collection Laws, as Amended
## (Plaintiff, on behalf of himself and the Wisconsin Class – Meal Periods)

116.   Plaintiff, on behalf of himself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

117.   At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendant employed, and/or continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

118.   Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

119.   At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

120.   Defendant failed to compensate Plaintiff and the Wisconsin Class for meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes, including at a regular rate of pay and/or at an overtime rate of pay.

121.   The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

122.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

123.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former non-exempt Delivery Driver employees employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Delivery Driver employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Delivery Driver employees damages in the form of reimbursement for unpaid straight-time wages (or, wages paid at said employees' regular rate(s) of pay) for all time spent performing compensable work for which they were not paid pursuant to the WWPCL;

g) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Delivery Driver employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated non-exempt Delivery Driver employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiff and all other similarly-situated non-exempt Delivery Driver employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 22nd day of October, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com